UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JONATHAN BOOSE** *<br>Plaintiff,<br>* | | **CIVIL ACTION NO. 10-1131** |
| **versus** *<br>* | | **JUDGE:** |
| **IOVATE HEALTH SCIENCES, INC<br>AND IOVATE HEALTH SCIENCES USA, INC.,**<br>Defendants. * | | **MAGISTRATE JUDGE:** |

_____

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Jonathan Boose, a person of the full age of majority and domiciled in the Parish of Jefferson, who with respect represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims and the subject matter of this litigation.

2. Defendants did transact and continue to transact business in the State of Louisiana, Parish of Jefferson.

3. Defendants are justly and truly indebted unto your petitioners in a sum just and reasonable for the pain, suffering and other damages described below on behalf of the plaintiff, Jonathan Boose, for his injuries as a direct result of the negligence and tortuous conduct of the defendants in Jefferson Parish, State of Louisiana.

### PARTIES

4. Plaintiff, Jonathan Boose, suffered injuries as a result of the use of Hydroxycut Hardcore Liquid Capsules, the over-the-counter brand name of a line of weight-loss products. As a result of using these capsules, Jonathan Boose has suffered drug induced liver disease and jaundice, as well as other injuries.

5. Defendant, Iovate Health Sciences, Inc., is a foreign corporation whose home office address is 5100 Spectrum Way, Mississauga, Ontario, Canada L551V7 and/or 381 North Service Road, Oakville, Ontario, Canada, L6M OH4 and may be served with process by serving the Louisiana Secretary of State at P.O. Box 94125 Baton Rouge, LA 70804-9125 as its agent for service of process because defendant has not designated or maintained a resident agent for service of process in Louisiana. Service is requested at both home office addresses.

6. Defendant Iovate Heath Sciences, Inc., either directly or indirectly in concert with other Iovate related entities and/or affiliates that individually or collectively do business as "Team MuscleTech", is engaged in the business of designing, manufacturing, marketing and distributing the "MuscleTech" Hydroxycut Brand of products including, but not limited to MuscleTech Hydroxycut Hardcore Liquid Capsules for sale and distribution into interstate commerce throughout the United States in general, and this state and judicial district in particular.

### IOVATE HEALTH SCIENCES, USA, INCORPORATED

7. Defendant, Iovate Health Sciences, USA, Inc., is the distributor of Muscletech Hydroxycut Hardcore Liquid Capsules and other MuscleTech Hydroxycut Brand products. Iovate Health Sciences, USA, Inc. is a foreign corporation whose home office address is 3880 Jeffrey Blvd., Blasdell New York 14219 and may be served with process by serving the Louisiana Secretary of State at P.O. Box 94125 Baton Rouge, LA 70804-9125 as its agent for service of process because defendant has not designated or maintained a resident agent for service of process in Louisiana. Defendants Iovate Health Sciences, Inc. and Iovate Health Sciences, USA, Inc. will be referred hereinafter as the Iovate Defendants or Defendants Iovate.

### FACTUAL BACKGROUND

8. During the year 2009, Jonathan Boose was 32 years of age and in good health. Throughout March, 2009 and April, 2009, Jonathan Boose was taking the over-the-counter dietary supplement known as MuscleTech Hydroxycut Hardcore Liquid Capsules. Hydroxycut products are marketed for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss. This product is available at many retail, grocery, and pharmacy locations throughout Jefferson Parish.

9. On or about May 22, 2009, after having taken the over-the-counter dietary supplement known as MuscleTech Hydroxycut Hardcore Liquid Capsules

throughout March, 2009 and April, 2009, Jonathan Boose was admitted to the hospital with jaundice and markedly abnormal liver functions.

10. As a result, plaintiff underwent a liver biopsy to further evaluate the etiology and severity of his disease.

11. The liver biopsy resulted in the plaintiff being diagnosed with periportal hepatitis.

12. At all times pertinent hereto, the Iovate Defendants were in the business of promoting, marketing, distributing, manufacturing and/or selling the over-the-counter dietary supplement known as MuscleTech Hydroxycut Hardcore Liquid Capsules.

13. The Iovate Defendants directly or indirectly manufactured, assembled, designed, labeled, packaged, distributed, marketed, advertised, distributed and/or sold in the state of Louisiana, the over-the-counter dietary supplement known as MuscleTech Hydroxycut Hardcore Liquid Capsules.

14. At all times pertinent hereto, the Iovate Defendants knew or should have known that the over-the-counter medication known as MuscleTech Hydroxycut Hardcore Liquid Capsules for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss could cause liver failure and side effects including but not limited to heart complications, arrhythmia, kidney problems, and jaundice.

15. Iovate Defendants failed to warn plaintiff adequately of the hazards associated with the use of MuscleTech Hydroxycut Hardcore Liquid Capsules for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss and/or concealed its knowledge of these hazards from the plaintiff and others. As a result of this failure to warn and/or concealment, plaintiff suffered the injuries set forth herein.

16. In May of 2009, the US Food and Drug Administration (FDA) issued a public statement warning all consumers of the dangers associated with Hydroxycut products and the need for anyone who's using them to stop doing so immediately. In its warning, the FDA noted that it had received 23 reports of serious health problems ranging from jaundice and elevated liver enzymes, an indicator of potential liver injury, to liver damage requiring liver transplant. One death due to liver failure had been reported to the FDA.

17. On information and belief, Iovate Defendants were aware of the risk of the liver problems associated with MuscleTech Hydroxycut Hardcore Liquid Capsules well before the FDA's public statement warning all consumers of the dangers associated with Hydroxycut products and the need for anyone who's using them to

stop doing so immediately, but concealed their knowledge of such risks both from consumers and from the medical and scientific community.

18. Although Iovate Defendants knew or should have known that dangerous risks were associated with the use of the MuscleTech Hydroxycut Hardcore Liquid Capsules, defendant manufactured, marketed, advertised, promoted and/or sold the MuscleTech Hydroxycut Hardcore Liquid Capsules without adequate warning of the serious side effects and life-threatening risks associated with use of the MuscleTech Hydroxycut Hardcore Liquid Capsules.

## **LOUISIANA PRODUCTS LIABILITY ACT**

19. Plaintiff re-alleges and re-avers each and every allegation set forth in paragraphs 1 through 18, and further avers and alleges as follows:

20. Iovate Defendants are liable unto plaintiff pursuant to the Louisiana Products Liability Act, La. R.S. 9:2800.54, et seq. in that its product is unreasonably dangerous in that:

   A. over-the-counter product known as MuscleTech Hydroxycut Hardcore Liquid Capsules for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss was unreasonably dangerous in construction or composition because other medications could achieve similar results without the risks presented;

   B. over-the-counter product known as MuscleTech Hydroxycut Hardcore Liquid Capsules for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss was unreasonably dangerous in design because other products could achieve similar results without the risks presented;

   C. over-the-counter product known as MuscleTech Hydroxycut Hardcore Liquid Capsules for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss was unreasonably dangerous because of inadequate warnings associated with the use of the product;

   D. over-the-counter product known as MuscleTech Hydroxycut Hardcore Liquid Capsules for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss was unreasonably dangerous in that it did not conform to an express warranty of the manufacturers about the products.

   E. The risk associated with use of the product far outweighed the utility of the product;

21. Plaintiff avers that the defendants were in the business of designing, developing manufacturing,, re-branding, labeling, marketing, and/or distributing the over-the-counter product known as MuscleTech Hydroxycut Hardcore Liquid Capsules for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss.  Plaintiff further alleges that defendants sold and/or distributed

the subject product in a condition that posed unreasonable risks from reasonably anticipated use. Plaintiff further avers that the product was expected to and did reach the consumer, plaintiff, Jonathan Boose, without substantial change in conditions from the time that it left the control of defendants. Plaintiff further alleges that as a result of defendants' placing this unreasonably dangerous product taken by plaintiff into the stream of commerce, plaintiff was caused to suffer the injuries and damages set forth herein.

## **NEGLIGENCE**

22. Plaintiff re-alleges and re-avers each and every allegation set forth in paragraphs 1 through 21, and further avers and alleges as follows:

23. Iovate Defendants knew or should have known that:

    A. over-the-counter product known as MuscleTech Hydroxycut Hardcore Liquid Capsules for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss increased the risk of liver failure and side effects including but not limited to heart complications, arrhythmia, kidney problems, and jaundice;

    B. over-the-counter product known as MuscleTech Hydroxycut Hardcore Liquid Capsules for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss had been placed in commerce without implementing sufficient testing protocols or, in the alternative, implementing adequate testing to ensure safe use; and,

    C. over-the-counter product known as MuscleTech Hydroxycut Hardcore Liquid Capsules for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss was unreasonably dangerous in normal use.

24. At all times pertinent hereto, defendants had a duty to the plaintiff to exercise reasonable care in the design, manufacture, testing, processing, marketing, advertising, labeling, packaging, distribution, and sale of over-the-counter product known as MuscleTech Hydroxycut Hardcore Liquid Capsules for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss.

25. Defendants failed to exercise reasonable care in the design, manufacture, testing, processing, marketing, advertising, labeling, packaging, distribution, and sale of over-the-counter product known as MuscleTech Hydroxycut Hardcore Liquid Capsules for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss in the following particulars:

    A. Designing, marketing, processing, advertising, packaging, distributing and/or selling a product that they knew or should have known carried the risk of serious, life-threatening side effects;

    B. Failure to test adequately the product prior to placing the product on the market;

    C. Failure to advise and to warn consumers such as plaintiff that consumption of the product could result in severe and disabling side effects, including stroke, atrial arrhythmia, vasospasms, and severe elevation of blood pressure;

    D. Failure to advise and to warn the medical and scientific communities of the potential for severe and disabling side effects, including stroke, atrial arrhythmia, vasospasms, and severe elevation of blood pressure;

    E. Any and all acts of negligence with respect to the medication which may be shown at trial.

26. The aforementioned acts and/or omissions proximately caused plaintiff, Jonathan Boose to suffer periportal hepatitis.

## FRAUD AND MISREPRESENTATION

27. Plaintiff adopts and re-allege paragraphs 1-26 above as if full set forth herein.

28. MuscleTech Hydroxycut Hardcore Liquid Capsules has been widely advertised and promoted for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss.

29. Defendants had a duty to disclose material information to consumers such as Jonathan Boose about serious life-threatening side effects. Additionally, by virtue of defendants' partial disclosures about the product, wherein defendants touted the product as safe and effective treatment for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss, defendants had a duty to disclose all facts about the risks of use associated with the product, including the potential for the product to cause liver failure and side effects including but not limited to heart complications, arrhythmia, kidney problems, and jaundice. Defendants intentionally failed to disclose this information for the purpose of inducing consumers such as the plaintiff to purchase their dangerous products. Had Jonathan Boose been aware of the hazards associated with the use of the MuscleTech Hydroxycut Hardcore Liquid Capsules, she would not have consumed same.

30. In defendants' advertisements, defendants made material misrepresentations about the over-the-counter product known as MuscleTech Hydroxycut Hardcore Liquid Capsules to the effect that the product was safe and effective for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss, which misrepresentations defendants knew to be false, for the purpose of fraudulently inducing consumers such as plaintiff to purchase the over-the-

6

counter product known as MuscleTech Hydroxycut Hardcore Liquid Capsules used for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss. Plaintiff relied upon these material misrepresentations in deciding to purchase and consume the over-the-counter product known as MuscleTech Hydroxycut Hardcore Liquid Capsules used for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss.

31. On information and belief, defendants actively fraudulently concealed information in its exclusive possession regarding the hazards associated with the over-the-counter product known as MuscleTech Hydroxycut Hardcore Liquid Capsules with the purpose of preventing consumers such as plaintiff from discovering those hazards.

## BREACH OF WARRANTY AGAINST REDHIBITORY DEFECTS

32. Plaintiff re-alleges and re-avers each and every allegation set forth in paragraphs 1 through 31 and further avers that the following acts subject the Iovate Defendants to liability pursuant to *La. Civil Code Art. 2520 et seq*. with regard to its breach of warranty against redhibitory defects as defined therein, of which acts include but are not limited to:

   A. At all times, defendants impliedly warranted that the over-the-counter product known as MuscleTech Hydroxycut Hardcore Liquid Capsules used for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss, after proper testing, was proven safe and effective for its intended use.

   B. At all times, defendants impliedly warranted that the over-the-counter product known as MuscleTech Hydroxycut Hardcore Liquid Capsules used for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss, did not contain any dangerous ingredients when in fact it did.

   C. By virtue of the foregoing, the over-the-counter product known as MuscleTech Hydroxycut Hardcore Liquid Capsules used for weight-loss, as fat burners, as energy-enhancers, as low carbohydrate diet aids, and for water loss was not reasonably fit for its ordinary use in violation of La.C.C.Art. 2524

## PUNITIVE DAMAGES

33. Plaintiff adopts and re-alleges paragraphs 1-32 above as if full set forth herein.

34. Defendants acted with actual malice and/or gross negligence constituting a willful or wanton disregard of the safety of others in connection with the design, manufacture, packaging, marketing, advertising, promotion, distribution and sale of the over-the-counter product known as MuscleTech Hydroxycut Hardcore Liquid Capsules used for weight-loss, as fat burners, as energy-enhancers, as low

carbohydrate diet aids, and for water loss, such that the imposition of punitive damages for defendants' conduct is appropriate.

## DAMAGES

35. Plaintiff adopts and re-alleges paragraphs 1 through 34 above as if fully set forth herein.

36. As a result of defendants' misconduct, plaintiff, itemizes damages as follows:

   A. Plaintiff's physical pain, suffering and mental anguish (past, present and future);

   B. Plaintiff's medical expenses (past, present and future);

   C. Loss of enjoyment of life; and

   D. Disability.

**WHEREFORE**, plaintiff, Jonathan Boose prays that Iovate Defendants, including Iovate Health Sciences, Inc. and Iovate Health Sciences , USA, Inc., be served with a copy of this Complaint, be cited to appear and, after all lawful delays had, there be judgment in plaintiff's favor, for all general, special and punitive damages in an amount reasonable under these premises, including but not limited to:

   A. Compensatory damages in an amount sufficient to compensate plaintiff, including but not limited to plaintiff's physical injuries, all mental and emotional pain, suffering, fear and anguish, all expenses, and all losses.

   B. Prejudgment and post-judgment interest on the amounts awarded as and for compensatory damages; and

   A. Costs of suit, reasonable attorney's fees, and such other relief as provided for in Louisiana civil code Article 2545 and that may be just and appropriate on the basis of the evidence presented at trial.

Plaintiff further prays for all allowable costs, for legal interest on these damages from date of judicial demand until paid, and for all such other and further relief as this Honorable Court shall deem allowed by law.

Respectfully submitted,
ALLAN BERGER & ASSOCIATES, P.L.C.

\_\_S/Allan Berger_____
ALLAN BERGER (BAR NO. 2977)
ANDREW J. GEIGER (BAR NO. 32467)
4173 Canal Street
New Orleans, Louisiana   70119
Telephone: (504) 486-9481
aberger@allan-berger.com